7



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

OCT 13 2010

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

LANORRA RUTH PARKER,

        Plaintiff,                      CIVIL ACTION NO. 10-12932

v.                                  DISTRICT JUDGE NANCY G. EDMUNDS

JOHN A. COTHORN               MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (D/E #9)

### I. Introduction

*Pro se* plaintiff sues defendant, an attorney in good standing with the state bar of Michigan, for actions taken during his representation of DTE Energy Co. ("DTE") in state court. Plaintiff alleges that defendant violated her constitutional rights by moving to set aside a default judgment in small claims court. Plaintiff also alleges that defendant violated the Americans with Disabilities Act of 1990, 104 Stat. 337, 42 U.S.C. § 12101 *et seq.* ("ADA").[1] The matter comes before the court on defendant's Motion to Dismiss (D/E #9). Plaintiff filed a response in opposition to defendant's motion (D/E #11). In accordance with Local Rule 7.1(e)(2), the court

---

[1] Plaintiff has three other actions arising out of her dissatisfaction with the outcome of her case in state court. She filed a grievance against defendant after the motion to set aside default judgment was granted, she appealed the order setting aside the default judgment, and she filed a "Petition" on May 11, 2010. (See D/E #9, Defendant's Brief, p. 5.

-1-

dispensed with oral argument (D/E #10). For the reasons stated below, this court recommends that defendants's motion to dismiss be **GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

## II. Background

On July 26, 2010, plaintiff filed the complaint against defendant in this matter (D/E #1). In that complaint, plaintiff appears to allege that she was involved in a dispute with DTE Energy Co. ("DTE") and that defendant, who was the attorney for DTE, engaged in improper and illegal conduct during a hearing in small claims court. Specifically, plaintiff appears to allege that, during a small claims court action between plaintiff and DTE, defendant represented DTE as an attorney even though attorneys cannot be used in small claims court. (Complaint, ¶¶ 1-4, 6, 8). Plaintiff also alleges that, during the small claims court action, defendant filed an untimely and illegal motion to set aside a default judgment in favor of plaintiff in which defendant lied under oath and stated that DTE was not properly served and had no notice of the pending suit. (Complaint, ¶¶ 5, 7) According to plaintiff, those actions amounted to a denial of plaintiff's right to due process and her right to be free from cruel and unusual punishment. Plaintiff further alleges that, because defendant knew that she was disabled when he engaged in his illegal conduct, defendant also violated the ADA. (Complaint, ¶ 11)

On August 26, 2010, defendant filed the motion to dismiss or for more definite statement pending before the court (D/E #9). In that motion, defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because, instead of pleading factual matters, plaintiff's complaint merely contains conclusory rambling about certain civil rights

being violated without any factual support for the allegations and because it does not contain any legally recognizable causes of action against defendant. Defendant also argues that, should the court deny his motion to dismiss, the court should order plaintiff to file a more definite statement of her claims.

On August 26, 2010, plaintiff filed a response to defendant's motion to dismiss or for more definite statement (D/E #11). In that response, plaintiff argues that defendant personally violated her constitutional rights when he filed an untimely and illegal motion to set aside a default judgment in violation of court rules. Specifically, plaintiff asserts that the motion was illegal because defendant perjured himself in it, by claiming he was never served, and because defendant was improperly acting as an attorney for DTE in small claims court. Plaintiff also argues that, because defendant's motion "violates the plaintiff's rights to her judgment" (Response, p. 3), the motion rises to the level of cruel and unusual punishment. Plaintiff further argues that defendant also violated the ADA by his actions against plaintiff, who alleges that she is handicapped.

### III. Standard of Review

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests whether a legally sufficient claim has been pleaded in the complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 555, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact [s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). However, "the pleading must contain more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555, 570, 127 S.Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." Id. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1965). A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." Id. (citing Twombly, 550 U.S. at 557) (internal quotation omitted).

## IV. Discussion

*Pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be construed liberally. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also Martin v. Overton, 391 F.3d 710, 712 (6th Cir.

2004). However, even viewing plaintiff's complaint liberally, plaintiff has failed to state a claim upon which relief can be granted in this case. Plaintiff's complaint broadly asserts violations of her constitutional rights and the ADA, but it fails to provide the necessary details to render such claims plausible. Plaintiff's allegations do not describe what happened in state court or why defendant's conduct in any state court proceedings rise to the level of constitutional violations. A complaint cannot survive a motion to dismiss if it offers only naked assertions devoid of further factual enhancement, Iqbal, 129 S.Ct. at 1949 (citation omitted). That is all plaintiff offers here.

Moreover, the scant details that plaintiff does provide in her complaint only demonstrate the problems with plaintiff's claims. For example, while plaintiff alleges that defendant violated her constitutional rights and makes claims pursuant to § 1983, she also expressly states that defendant is a private attorney. There is no allegation that he is a state actor. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation *was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (emphasis added) (citations omitted). See also United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941) (holding that one acts under color of state law when one exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). Plaintiff is also not a prisoner and therefore she would have no claim for cruel and unusual punishment under the Eight Amendment. See e.g., Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008)

("The Eighth Amendment, by its terms, applies only to post-conviction inmates.") (citation omitted).

Similarly, plaintiff's allegations of an ADA violation are also unsupported by the few details she provides in her complaint. The ADA encompasses discrimination in employment, Title I, 42 U.S.C.A. §§ 12111-12117, public services, Title II, 42 U.S.C.A. §§ 12131-12165, and public accommodations and services operated by private entities, Title III, 42 U.S.C.A. §§12181-12189. Given the allegations in plaintiff's complaint regarding the actions of defendant, a private citizen, in small claims court, plaintiff's claim that defendant violated the ADA is clearly insufficient.

As discussed above, as a *pro se* litigant, plaintiff's complaint held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be construed liberally. Haines, 404 U.S. at 520. In this case, even viewing plaintiff's complaint liberally, she has failed to state a claim upon which relief can be granted in this case and defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

## V. Conclusion

For the reasons discussed above, this court recommends that defendants's motion to dismiss be **GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

Virginia M. Morgan
United States Magistrate Judge

Dated: 10/13/10